UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KELVYN KEY                                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 5:16-CV-P45-GNS

OFFICER CONNER A. COPELAND *et al*.                          DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Kelvyn Key, a prisoner presently incarcerated in the Eastern Kentucky Correctional Complex (EKCC), filed this *pro se* complaint under 42 U.S.C. § 1983. Subsequently, attorney Michael L. Goodwin entered an appearance on behalf of Plaintiff (DN 9).

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the official-capacity claims, the Fourteenth Amendment claim, and the claim seeking a reduced sentence. Further, the Court will dismiss Defendant Ballard from this action. The Eighth Amendment claim against Defendant Copeland and Defendant Unknown Officer will proceed.

**I. <u>SUMMARY OF CLAIMS</u>**

Plaintiff identifies three Defendants in this action. The Defendants are as follows: Conner A. Copeland, a corrections officer at Kentucky State Penitentiary (KSP); Rodney Ballard, the Commissioner of the Kentucky Department of Corrections; and another KSP officer whose name is unknown to Plaintiff at this time (Unknown Officer). Plaintiff seeks monetary and punitive damages and for his "sentence [to] be Reduced to 10 yrs 20%."

Plaintiff alleges that between March 1, 2015, and April 4, 2015, he was assaulted and raped by Defendant Copeland. Plaintiff states that during these assaults, the Unknown Officer, who Plaintiff identifies as being a female corrections officer, acted as the look-out for Defendant Copeland. According to Plaintiff, for a week prior to the first alleged rape by Defendant Copeland, Defendant Copeland wrote Plaintiff letters. Plaintiff states that when he ignored the letters, Defendant Copeland threatened to hurt or kill his cousin if Plaintiff would not have sex with him or if Plaintiff reported Defendant Copeland.

Plaintiff states that during the first assault in March 2015, he was asleep when Defendant Copeland entered his cell. According to Plaintiff, Defendant Copeland got on top of Plaintiff from behind, put his hand over Plaintiff's mouth, and raped Plaintiff. Plaintiff states that he attempted to fight, but Defendant Copeland hit him causing him to black out. Plaintiff states that when Defendant Copeland finished raping and assaulting him, he called him racial slurs and threatened to kill him and his cousin if Plaintiff reported the assault. Plaintiff states that he was scared to death and did not tell anyone about the rape and assault at that time.

According to Plaintiff, when Defendant Copeland raped and assaulted him the second time, Defendant Copeland informed Plaintiff that he had Defendant Unknown Officer looking out for him, so screaming would do him no good. Plaintiff states that he attempted to fight off Defendant Copeland, but Defendant Copeland beat him and threatened him. According to Plaintiff, Defendant Copeland continued to write him letters "explaining what he was going to do to me As if I enjoyed what he was doing to me."

Plaintiff states that he was finally placed in segregation on April 4, 2015, for his protection from Defendant Copeland, and Plaintiff "finally told the administration what had been going on and what I had been through." Although, Plaintiff states that he was reserved in what

he said because Defendant Copeland had informed him that "he had plenty of friends from the Wardens Office on down, and they would never believe [Plaintiff]." Plaintiff states that when he was finally transferred away from KSP to Green River Correctional Complex he filed a grievance about the rapes and assaults.

Plaintiff states that at some point he was informed that Defendant Copeland was "Fired and charged (although not Rape) 'Sodomy 3rd' and 'Official Misconduct' as a result of his actions towards me, and an independent investigation by the 'Kentucky State Police.'" Plaintiff asserts claims in this action under the Eighth Amendment and Fourteenth Amendment.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. Official-Capacity Claims

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity). Thus, the claims against Defendants, who are employees of the Commonwealth of Kentucky sued in their official capacities for monetary damages, are barred by Eleventh Amendment immunity.

Further, Defendants sued in their official capacities for monetary damages are not considered "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Thomas v. Noder-Love*, No. 13-2495, 2015 WL 4385284, at *5 (6th Cir. July 17, 2015) ("It is also well-settled that [Eleventh Amendment] . . . immunity applies to claims under § 1983, meaning that states and state officials sued in their official capacity are not considered 'persons' under § 1983 and, therefore, cannot be sued for money damages without the state's consent.").

Accordingly, the official-capacity claims for monetary damages will be dismissed from this action.

## B. Individual-Capacity Claims

### 1. Fourteenth Amendment Claim

In addressing whether the Fourteenth Amendment would apply to a situation involving the alleged use of excessive force on a prisoner, the Supreme Court stated, "We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). "It would indeed be surprising if, in the context of forceful prison security measures, 'conduct that shocks the conscience' or 'afford[s] brutality the cloak of law,' and so violates the Fourteenth Amendment, were not also punishment 'inconsistent with contemporary standards of decency' and 'repugnant to the conscience of mankind,' in violation of the Eighth [Amendment]." *Id.* (citations omitted).

Plaintiff's Eighth and Fourteenth Amendment claims are both derived from his allegations about being raped and assaulted by Defendant Copeland while Defendant Unknown Officer served as a look out. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Plaintiff's claim is bounded by the Eighth Amendment, the "explicit textual source of constitutional protection" in the prison context. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *see also Smith v. Cochran*, 339 F.3d 1205 (10th Cir. 2003) (finding that the plaintiff's allegations of sexual abuse by a Department of Public Safety employee while on work release was properly brought under the Eighth

6

Amendment); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("[T]he Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault . . . ."); *Gist v. Little Sandy Corr. Complex*, No. 0:10-CV-00010-HRW, 2010 WL 1839911, at *2 (E.D. Ky. May 7, 2010) ("Because sexual abuse by a corrections officer may constitute serious harm, physically and psychologically, when inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.").

"[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Accordingly, Plaintiff's Fourteenth Amendment claim will be dismissed.

## 2. Eighth Amendment Claim

Upon consideration, the Court will allow the Eighth Amendment claim to proceed against Defendants Copeland and Defendant Unknown Officer in their individual capacities.

## C. Speedier Release

As part of the remedy sought by Plaintiff in this action, he seeks to have his sentence reduced. He, therefore, seeks an immediate or speedier release from imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The § 1983 claim for equitable relief, therefore, cannot lie.

Accordingly, the claim seeking a reduction of Plaintiff's criminal sentence will be dismissed. Further, leaving no claims against Defendant Ballard, he will be dismissed from this action.

### D. Defendant Unknown Officer

The Court has allowed the Eighth Amendment claim to proceed against Defendant Copeland and Defendant Unknown Officer. The Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 90 days from the date of this Memorandum Opinion and Order. Accordingly, **Plaintiff has 90 days from the date of this Memorandum Opinion and Order within which to move to amend his complaint to name Defendant Unknown Officer or show good cause for his failure to do so**. Plaintiff is put on notice that his failure to meet the requirements of the federal rules could **result in dismissal** of this action.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and

pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from Defendants who are immune from such relief.

**IT IS ORDERED** that the Fourteenth Amendment claim is **DISMISSED** since Plaintiff's claims are properly analyzed under the Eighth Amendment, the more specific constitutional provision.

**IT IS ORDERED** that the claim seeking a reduced sentence will be **DISMISSED**.

**IT IS ORDERED** that Defendant Ballard is **DISMISSED** from this action since there are no remaining claims against him.  The **Clerk of Court** is **DIRECTED** to remove Defendant Ballard from the docket of this action.

**IT IS ORDERED** that the Eighth Amendment claim brought against Defendant Copeland and Defendant Unknown Officer in their individual capacities will proceed.

**IT IS FURTHER ORDERED** that **Plaintiff has 90 days from the date of this Memorandum Opinion and Order within which to move to amend his complaint to name Defendant Unknown Officer or show good cause for his failure to do so**.

The Court passes no judgment on the merits or ultimate outcome of this case.  The Court will enter a separate Order Directing Service.

Date: August 17, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Counsel for Plaintiff
    Defendants
4416.003

9